## SUPERIOR COURT OF BALTIMORE CITY.

Filed September 28, 1916.

JOSHUA LEVERING, ET AL.,
VS.
THE BOARD OF SUPERVISORS OF ELECTIONS OF BALTIMORE CITY.

*Isaac Lobe Straus* for petitioners.
*Wm. J. Ogden* for respondent.

AMBLER, J.—

I have listened with great interest to the forceful argument of counsel and (addressing Mr. Straus) I have heard with more than interest, I have heard with very great pleasure, the expression of your personal views, on the Christian faith. The thing that has controlled me more than anything else is the consideration that it takes a very clear case indeed to justify the court in interfering in any way with a co-ordinating branch of government.

I believe strongly in the observance of Sunday. It is part of our institutions; part of the law, I believe that thoroughly. I believe, too, that the Lord's Day has been always recognized by our law as long as we have known law. In a certain measure the observance of the Lord's Day has been enforced by law, but the measure of observance has from time to time varied.

I do not mean any disrespect in using the name commonly applied to what is called a Puritanic observance of Sunday, but I cannot think that is any part of the common law. The blue laws that some people speak of with such disrespect and some find so disagreeable—I cannot think they were part of the common law.

As to the ordinance of 1825, the ordinance relating to the observance of Sunday in the City of Baltimore, that was certainly not intended to abrogate or weaken any provision of the Act of 1723. It was intended to tighten the bars rather than to relax them as far as the city was concerned.

I cannot doubt that so long as the City Council does not in any way contravene or weaken the Act of 1723 it has power to repeal or amend its own ordinance. This ordinance certainly is fairly subject to much of the criticism which Mr. Straus so vigorously urged against it—as to its formal provisions. It is not entirely clear, but it does not seem to me to be so manifestly unreasonable or ambiguous that I can say it is a nullity.

It is also true that nowhere, either in the State Constitution or in the statute law of the state, is any express authority given the Mayor and City Council to refer any question to popular vote, but on the other hand, so far from being in any way prohibitive, the Constitution of the state, in some matters at least, makes approval by the people a prerequisite to the validity of an ordinance. That seems to recognize that under our system the source of all government and authority is of the people and by the people as well as for the people.

This proceeding shows that in this matter, which so vitally concerns the whole community, the people are not all of one mind, and it seems to me not unreasonable to get from the fountainhead an expression of its will.

So far as I can see, the only objection to that is the same in principle as the objection to the legislature's delegating its lawmaking power to the people, which was raised in the Local Option cases and overruled by the Court of Appeals.